IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIGUEL ENRIQUE OJEDA TOME,

Defendant.

Case No. 26-CR-011-JFH

## OPINION AND ORDER

Before the Court is a Motion to Revoke Order Setting Conditions of Release ("Appeal") filed by the United States of America ("Government"). Dkt. No. 17. In its Appeal, the Government seeks revocation of an order [Dkt. No. 16] entered by United States Magistrate Judge Mark T. Steele setting conditions of release for Miguel Enrique Ojeda Tome ("Defendant"). Defendant filed a response in opposition to the Appeal. Dkt. No. 19. For the following reasons, the Government's Appeal [Dkt. No. 17] is DENIED.

## BACKGROUND

On January 5, 2026, Defendant was charged by indictment with one count of False Statement to a Firearms Dealer, in violation of 18 U.S.C. § 924(a)(1)(A). Dkt. No. 2. Specifically, the indictment alleges that on or about November 9, 2025, Defendant executed ATF Form 4472 to obtain a firearm from a federally licensed firearms dealer in which he indicated that he was not an alien illegally and unlawfully in the United States, when in fact he was an alien illegally and unlawfully in the United States. *Id*. at 1.

According to the Government's Appeal, Defendant, a citizen of Cuba, was encountered by Border Patrol on May 2, 2022 in Arizona. Dkt. No. 17 at 2. Defendant disclosed to Border Patrol that he was a citizen of Cuba without the legal documents to enter or remain in the United States.

*Id.* Defendant signed a Notice to Appear and was released on recognizance. *Id.* Defendant currently has a pending removal action, a pending I-130 Petition for Alien Relative which, if granted, would allow him to apply for a nonimmigrant visa, and has also filed for asylum relief. *Id.*

## AUTHORITY AND ANALYSIS

Under 18 U.S.C. § 3145(a), "[i]f a person is ordered released by a magistrate judge . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]"  18 U.S.C. 3145(a).  The Tenth Circuit requires this Court to conduct a *de novo* review of a magistrate judge's release order.  *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).  "On *de novo* review of a magistrate judge's order, the district court is charged with making 'an independent determination of the proper pretrial detention or conditions for release.'"  *United States v. Garcia*, 445 Fed. Appx. 105, 108 (10th Cir. 2011) (unpublished and quoting *Cisneros*, 328 F.3d at 616 n.1).  The Government "must prove risk of flight by a preponderance of the evidence" and "dangerousness to any other person or the community by clear and convincing evidence." *Cisneros*, 328 F.3d at 616 (citations omitted).  "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).  Here, the Government seeks detention solely on the basis of flight risk, not dangerousness.  Dkt. No. 20 at 10:21-23.  Therefore, this Court will make a de novo determination as to whether the Government has proven risk of flight by a preponderance of the evidence.  In making this determination, the Court must consider whether there are conditions or a combination of conditions that will assure the appearance of Defendant and protect the safety of any other person or the community in view of the following factors:

(1)    The nature and circumstances of the offense charged, including whether the

2

offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2)    The weight of the evidence against the person;

(3)    The history and characteristic of the person, including –

    a.    The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    b.    Whether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law; and

(4)    The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §§ 3142(f), (g).

**I.    Consideration of the 18 U.S.C. § 3142(g) factors.**

**a.  The nature and circumstances of the offense charged.**

Defendant is charged with knowingly making a false statement on an ATF form in attempting to purchase a firearm. Dkt. No. 2. If convicted, Defendant faces up to five (5) years of imprisonment. 18 U.S.C. § 924(a)(1)(A). While serious, this is not the kind of offense contemplated in the § 3142 statutory presumption that no condition or combination of conditions could reasonably assure Defendant's appearance and safety of the community. 18 U.S.C. § 3142(e)(3)(E).

The Court further notes that it is not alleged that a firearm was actually obtained by Defendant, but rather that Defendant did not truthfully indicate his alien status on the ATF form and the purchase of the firearm was in fact denied. The Government argues, however, that because

the nature and circumstances of the offense involve Defendant's capacity for truthfulness, this indicates that Defendant will be dishonest with his probation officer while on pretrial release. *See* Dkt. No. 17 at 5. The Court is not persuaded by this argument. The evidence before the Court shows that when he encountered Border Patrol in 2022, Defendant was forthcoming about his alien status and has successfully been on release and has made multiple appearances in the underlying immigration case since that time. For these reasons, the Court finds that this factor weighs in favor of release.

**b. The weight of the evidence.**

The Government argues that the evidence weighs in favor of detention based upon the existence of the ATF form and Defendant's status as an alien unlawfully in the United States. However, Defendant argues that the "knowingly" element is at issue in this case. Specifically, defense counsel proffered that firearms dealers commonly instruct applicants completing the ATF form that "the answer to the first question is yes, everything else is a no . . ." so that often applicants do not even read the ATF form when completing it. Dkt. No. 20 at 9:3-7. Defense counsel further argues that the Government has not identified any witnesses who observed Defendant completing the ATF form. Dkt. No. 19 at 2. In consideration of the evidence described by the parties, the Court finds that this factor is neutral.

**c. The history and characteristics of the person.**

Much of the Government's argument hinges on the history and characteristics of Defendant, particularly, Defendant's immigration status and the existence of an ICE detainer. Dkt. No. 17 at 6. Specifically, the Government argues that Defendant's short time in the United States and risk of deportation create an increased risk that he may flee if released. *Id.* However, the Court notes that Defendant was encountered by Border Patrol in 2022, disclosed to Border Patrol

4

that he was a citizen of Cuba without the legal documents to enter or remain in the United States, and has been released and living in Tulsa since that time. *Id.* Defense counsel proffered that Defendant is represented by counsel in his underlying immigration case and is pursuing various forms of relief, including an application for asylum and a petition for alien relative non-immigrant visa, and has made numerous court appearances in the immigration case. *Id.* at 6:18-20;4:25;5:1-2. Defense counsel further proffered that Defendant is employed full time and has lived in Tulsa for the past four (4) years with his mother and stepfather who are lawfully in the United States. Dkt. No. 20 at 6:14-17; 8:1-2. Defense counsel also proffered that Defendant has no other criminal history and no history of drug or alcohol abuse. *Id.* at 20:2-7. The Court finds that these proffered facts weigh in favor of release.

Finally, the Court is not persuaded by the Government's argument that Defendant's potential deportation indicates an enhanced risk of flight under the specific circumstances of this case. In support of its contention, the Government cites to *United States v. Casado-Hernandez*, No. 21-2091, 2021 WL 4344053, at *4 (10th Cir. Sept. 24, 2021) (unpublished), which held that the district court may consider the risk that "an alien will voluntarily flee to their country of origin to evade a prosecution that would likely be followed by deportation." While the Government acknowledges that Defendant is not likely to voluntarily return to Cuba, as he is seeking asylum based on persecution in the country if he were to return, it argues that "the risk of deportation gives him an increased incentive to flee elsewhere within the United States." Dkt. No. 17 at 6. The evidence before the Court indicates that Defendant is employed, has a residence, and has immediate family ties in Tulsa. The Government has not offered any evidence of any ties Defendant may have "elsewhere within the United States" and, therefore, the Court finds the

Government's assertion in this regard to be nothing more than speculation. For these reasons, this factor weighs in favor of release.

**d. The nature and seriousness of the danger to any person or the community.**

At the detention hearing, the Government confirmed that in proceeding under 18 U.S.C. § 3142(f)(2), the basis for its request for detention is flight risk, not dangerousness. Dkt. No. 20 at 10:21-23. The Court notes that this is a non-violent offense and that Defendant did not obtain a firearm upon submitting the ATF form. The Court further finds no evidence in the record as to Defendant's dangerousness. Accordingly, the Court finds that this factor weighs in favor of release.

**CONCLUSION**

In consideration of the 18 U.S.C. § 3142(g) factors, the Court finds that the Government has failed to prove risk of flight by a preponderance of the evidence.

IT IS THEREFORE ORDERED that the Government's Motion to Revoke Order Setting Conditions of Release [Dkt. No. 17] is DENIED.

IT IS FURTHER ORDERED that Miguel Enrique Ojeda Tome be released pending trial subject to the Order Setting Conditions of Release [Dkt. No. 16]. The Court Clerk is directed to provide a copy of this Order to the United States Marshals Service.

Dated this 3rd day of April 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE